Peter Strubher *et al.*

*v.*

Christian Belsey.

| 79 | 307 |
| 123 | 263 |
| 79 | 307 |
| 135 | 118 |
| 79 | 307 |
| 172 | 326 |
| 172 | 631 |
| 79 | 307 |
| 191 | 1580 |
| 79 | 307 |
| 203 | 1 98 |
| 79 | 307 |
| 111a | 1247 |

1. Chancery—*will not assume jurisdiction to construe a will when only purely legal titles are involved.* Where no trust is created, neither the executor, nor the heir or devisee who claims only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. Where only purely legal titles are involved, and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law.

2. Decree by agreement—*will not be reviewed.* This court will not review a decree rendered by agreement of parties. It must stand as the final adjudication of their rights.

Writ of Error to the Circuit Court of Woodford county; the Hon. John Burns, Judge, presiding.

Messrs. McCulloch, Stevens & Wilson, for the plaintiffs in error.

Messrs. Bangs, Shaw & Edwards, and Mr. L. F. Feilelzsch, for the defendant in error.

Mr. Chief Justice Scott delivered the opinion of the Court:

It was sought by this bill to contest the last will and testament of Joseph Belsey, deceased, which had previously been admitted to probate, on the ground it was not, in fact,

his will, and if that could not be done, that a construction might be given to it. A demurrer was sustained to that part that seeks to contest the will, and to that extent the court dismissed the bill, but retained the other branch of it for the purpose of giving a construction to the will, which it did, by declaring the legal rights of the several devisees. The executors, being of opinion they could not execute the will as construed by the court, have sued out this writ of error.

What jurisdiction had the court to give any construction to the will, is the first inquiry that presents itself. Where no trust is created, the law, as we understand it, is that neither the executor, nor the heir or the devisee who claims only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. Where only purely legal titles are involved, and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law. *Whitman* v. *Fisher*, Sept. T. 1874; *Bowers* v. *Smith*, 10 Paige, 133; *Onderdonk* v. *Mott*, 34 Barb. 106.

In *Bowers* v. *Smith*, the chancellor remarked he " was not aware of any case in which an heir-at-law of a testator, or a devisee who claims a mere legal estate in the real property, where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will."

The case at bar falls within the principle of the cases cited. Only legal titles are claimed by complainant in the lands of the testator. It is conceded, no trust was reposed in the executors, neither in relation to the real estate nor personal property. It is claimed the real estate vested at once in the heir-at-law of the testator, and while the legal title to the personalty vested in the executors, it was not by virtue of the will, but under the law.

The court did not, however, construe the will as complainant understands it, but declared the true meaning to be that

complainant takes the title in fee simple in the lands devised to him, that the grand-children named take a like estate in the lands devised to them, and that the daughter-in-law only takes a life interest in the lands devised to her. Adopting either the construction contended for by complainant, or that given to the will by the court, it is obvious only legal estates in the real property of the testator are involved. No trust had been reposed in the executors in relation to the lands to be by them executed, in which they need the advice and assistance of the chancellor. Complainant has sought the wrong forum. As we have seen, a court of chancery has no jurisdiction to declare, by construction of the will, that the legal title to the property, either to the whole or any part of it, is in him. That is purely a legal question, and is cognizable only in the common law courts.

Complainant has assigned cross-errors. First: That the court erred in sustaining the demurrer to the bill, so far as it sought to contest the will. It is admitted by the allegations of the bill that complainant has received two installments of annuity under the will, and also possession of the lands devised to him, and it is contended he is estopped by those acts of recognition to deny the validity of the will. Whether this is so or not, it is recited in the decree the demurrer was sustained, *pro forma,* by the court, to that part of the bill "by agreement." There was no reservation to either party of the right to assign errors on the ruling of the court. Neither party contested the correctness of the decision.

This court will not review a decree entered by agreement of parties. It must stand as the final adjudication of their rights. So far as complainant is concerned, it was competent for him to consent, and the decree having been rendered in accordance with his agreement, it must stand. *Buck* v. *Buck,* 60 Ill. 241.

The second cross-error is, of course, disposed of by the previous reasoning in this opinion.

The decree sustaining the demurrer will be affirmed, and that part of it that gives a construction to the will, reversed, and the bill dismissed.

*Decree reversed in part.*