THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH

*v.*

JAMES FIELD *et al.*

*Filed at Ottawa October 31, 1890.*

1. CHANCERY—*vacating decree—to let in defense.* A defendant in a suit in chancery against whom a decree has been entered, but who has not been summoned, or served with a copy of the bill or received notice by mail, or otherwise, on filing a petition for that purpose within the time limited in section 19 of the Chancery Code, is entitled, as a matter of right, to file an answer and be heard in the case.

2. SAME—*of the petition for opening case and for leave to defend.* The petition of a defendant for leave to answer a bill after final decree is not required to set up or disclose his claim or defense, and is therefore not demurrable. It is only necessary to aver such facts as will bring the defendant within the requirements of the statute.

3. SAME—*written pleadings required.* Where a non-resident defendant shows himself entitled, under section 19 of the Chancery Code, to appear and defend, he should file his answer in writing to the original bill, or his demurrer thereto, or to such part thereof as he may be advised, and the court should decide as to the sufficiency of the defense from the written pleadings, and not from any oral statements of the defendant as to his claims or rights.

Writ of Error to the Circuit Court of Henry county; the Hon. John J. Glenn, Judge, presiding.

Messrs. Sweeney & Walker, for the plaintiffs in error:

Plaintiffs in error had the legal right to appear and answer the bill of complaint.   Rev. Stat. chap. 22, sec. 19.

The statute does not require a defendant to set up his right or his title in his petition.   When allowed to defend, his duty is then to state his defense.   *Baker* v. *Admr. of Backus,* 32 Ill. 79; *Bruen* v. *Bruen,* 43 id. 408; *Southern Bank* v. *Humphreys,* 47 id. 227; *Martin* v. *Gilmore,* 72 id. 193; *Lawrence* v. *Lawrence,* 73 id. 577.

The court had no authority to consider an oral demurrer, much less to enter the decree it did, as the question decided could not be raised by demurrer.

Messrs. Dunham & Foster, for the defendants in error:

The devises to plaintiffs in error are void upon the face of the will.   Churches are limited in capacity to take land.   Rev. Stat. chap. 32, sec. 42; *Germain* v. *Baltes,* 113 Ill. 29; *Andrews* v. *Andrews,* 110 id. 223; *Trust Co.* v. *Lee,* 73 id. 142; *Starkweather* v. *Bible Society,* 72 id. 50.

But in further support of our position, and as showing that an unincorporated voluntary association can not even take a legacy, and therefore much less take a devise, or the benefits of either, especially where no competent trustee has been appointed by the will, and this, for the reason that there is no ascertained and definite beneficiary, having a legal existence, who can come into court and claim the benefits of the devise, and therefore that it is void for uncertainty, we cite the following authorities:   Shepherd's Touch. 235; Coke's Litt. 95 a; *Jackson* v. *Cary,* 8 Johns. 385; *Owens* v. *Missionary Society,* 14 N. Y. 380; *Downing* v. *Marshall,* 23 id. 384; *Sherwood* v. *Bible Society,* 40 id. 566; *Barker* v. *Wood,* 9 Mass. 419; *Grimes* v. *Harmon,* 35 Ind. 198; 9 Am. Rep. 690; *White*

v. *Fisk,* 22 Conn. 31; *Fountain* v. *Ravenel,* 17 How. 368; *LePage* v. *McNamara,* 5 Iowa, 124; *Galligo's Exrs.* v. *Attorney General,* 3 Leigh, 450; *McCord* v. *Ochiltree,* 8 Blackf. 15; *Morse* v. *Carpenter,* 19 Vt. 613; *Dashiell* v. *Attorney General,* 5 H. & J. 390; *Wilderman* v. *City of Baltimore,* 8 Md. 551; *Beekman* v. *Bonsor,* 23 N. Y. 314; *Trippe* v. *Frazier,* 4 H. & J. 446; *Prichard* v. *Thompson,* 95 N. Y. 76; *Holmes* v. *Mead,* 52 id. 332; *Baptist Association* v. *Harts' Exrs.* 4 Wheat. 1; *Ruth* v. *Overbrunner,* 40 Wis. 235; *Heirs* v. *Murphy,* id. 276.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed on April 30, 1884, in the Circuit Court of Henry County by James Field and Emma Field of said county, claiming to be the only children and heirs at law of James Field, deceased, against James Ward "named as executor" in the will of said James Field deceased, The Trustees of the Methodist Episcopal Church incorporated under the general laws of Ohio, The Woman's Foreign Missionary Society of the Methodist Episcopal Church, and the Northwestern Branch of the Woman's Foreign Missionary Society of the Methodist Episcopal Church, for the purpose of having certain devises in said will declared to be void, and for the purpose of having the will and the probate thereof set aside. Ward alone was personally served. Publication was made as to the other defendants. No answers were filed. On June 24, 1884, an order was entered taking the bill for confessed, finding the bequests and devises in the will to said trustees to be void, and directing that an issue at law be made up and submitted to a jury, "whether said claimed will" was or was not the last will and testament of the deceased.

On June 26, 1884, a decree was entered wherein, after reciting, that the said issue had been submitted to a jury, who had returned a verdict that the paper referred to in the bill was not the will of the deceased and that, at the time of its

execution, he was not of sound mind and memory and not capable of making a will, it was decreed that the devises to said trustees were void, and that the lands therein described descended to and vested in complainants; but the court also therein made a finding in accordance with the verdict of the jury, and declared the paper not to be the will of the deceased, and set aside the probate thereof, and adjudged the estate to be intestate, and, after reciting that there were no demands or claims against the estate, and that complainants were the only heirs at law, further decreed that Ward should account with complainants for all monies and property received by him and pay over and deliver the same, and that complainants were the owners, as tenants in common, of all the money and property of the estate, and entitled to all the rents, etc.

On January 13, 1886, the trustees above named, being the plaintiffs in error herein, filed a petition under section 19 of the Chancery Act in said cause, alleging that they had been incorporated as a corporation under the laws of Ohio by the name of "The Trustees of the Methodist Episcopal Church," setting up in substance the proceedings theretofore had as above set forth, averring that said corporation had not been summoned, or served with a copy of the bill, or received the notice required to be sent by mail, and had not received any other notice whatsoever until after the decree of June 26, 1884, and that it had, at no time after the entry of said decree, received any written notice thereof, and praying that it might be permitted to appear and file an answer to the bill and be heard touching the matters passed upon by the decree. Due notice in writing was given to the complainants in the bill and their counsel of the filing of said petition, and of application to be made to the court for leave to answer as therein prayed.

On June 28, 1886, the Court entered a decree declining to grant the prayer of the petition, and finding that the said trustees had no interest in the property named in the will and no right to have the decree theretofore entered set aside or in any

way altered, and ordering that said decree be "in every respect ratified, approved and finally confirmed as against said" trustees. Various errors have been assigned on the record, which call in question the correctness of the orders and decrees made by the court below.

The only question which we deem it necessary to consider is this: ought the defendant corporation, "the Trustees," etc., above named, to have been allowed to answer the bill, and to be heard "touching the matter of such decree?"

Section 19 of the Chancery Act (Starr & C. Ann. Stat. chap. 22, page 402) provides as follows: "When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person * * * shall, within one year after notice, in writing, given him of such decree, or within three years after such decree, if no notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendant had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just, otherwise the same shall be ordered to stand confirmed against said defendant."

The defendant corporation, which presented its petition in the present case, complied in every particular with the foregoing statute as to the time within which the petition was made, and as to the contents of the petition, and as to the correctness of its statements. We held, in *Lawrence* v. *Lawrence,* 73 Ill. 577, that the right conferred by this statute was not a matter of discretion with the court, but that "it is a statutory right which a defendant in such case has, to come in and de-

fend, upon payment of costs." Accordingly, we see no reason why the petitioning defendant was not entitled to file its answer.

It is contended, however, by the defendants in error, that the decree of June 28, 1886, shows upon its face good and sufficient reasons for the action of the court.

The bill in the present case is of a double character. In the first place, it alleges that, by the terms of the will, certain property is devised to each of the complainants for life, and, upon his or her death, it is then devised to said trustees, "in trust for the use and benefit of and to be sold and conveyed and the proceeds thereof applied according to the direction of the North Western Branch of the Woman's Foreign Missionary Society of the Methodist Episcopal Church;" it then charges that said devise to the trustees is void as not being in trust for a charitable use, and because the trust is too vague and indefinite, and because, at the testator's death, there were no such trustees capable of taking, and no such body corporate as the North Western Branch of the Woman's Foreign Missionary Society above named, capable of taking and controlling the benefits of said trust; and it is further averred that the property is intestate, and descended to complainants as the only heirs-at-law.

In the second place, the bill alleges that the deceased, when he signed the paper, was not of sound mind and memory, nor capable of transacting any ordinary business with ordinary intelligence, but was distracted upon the subjects of religion and foreign missionary work, and, upon said subjects, was a monomaniac, and that he was induced by persons, acting in the interests of the defendants, by undue influence and fraud to execute said paper.

If the defendant corporation designated as "the Trustees," etc., had the statutory right to answer the bill, they had the right to answer allegations as to want of capacity and undue influence, as well as those charging the void character of the devises, or, if they were so advised, to demur to so much

of the bill as involves a construction of the will upon the authority of *Strubher* v. *Belsey*, 79 Ill. 307, and answer the allegations as to want of capacity and undue influence. But the decree of June 28, 1886, recites, that the counsel of the defending corporation admits orally in open court that its only claim to the property is based upon the provisions of the will, and, because of such oral admissions, the decree finds the devises to be void, and that the defendant has no interest in the property and no right to answer the bill as to either or any of the allegations. The decree also recites that the complainants, in consideration of said admissions by the petitioning defendant, filed a demurrer to said petition.

The petition to be permitted to answer and defend was not demurrable. That petition did not set up, nor was it required under the law to set up, the nature of the defendant's claim or defense, whether such claim was under the will or otherwise. Such petition only averred and was only required to aver such facts as would bring the defendant within the requirements of section 19. The demurrer, then, could only have been to the oral admissions made in court. The demurrer itself must have been an oral one. It is stated in the brief of counsel for plaintiffs in error, that the demurrer, if there was one, was merely oral, and such statement is not denied by counsel for defendants in error. The record does not show any demurrer filed to the petition, and, if it did so show, the question of the void character of the devises could not thereby be raised, because, as already stated, the petition says nothing about the will or the devises. It follows, that the court regarded the oral statements of counsel in open court as an answer to the bill and the oral objections of the complainants as a demurrer to the answer, and entered a decree upon the oral issue thus made. Such a practice as this cannot be sanctioned. The cause should have been heard upon written pleadings. The defendant should have been allowed to file a written answer setting up its defense, or a demurrer if it should

be so advised. The court erred in passing upon the defense before it was embodied in an answer or other written pleading. There is no recital in the decree, nor anything elsewhere in the record to show, that the petitioning defendant agreed that the oral statements should stand for and be regarded as a written answer, even if it were true that the court could act upon such an agreement.

We are of the opinion that the plaintiffs in error should have been allowed to answer the bill, or to demur to such part thereof as may have been demurrable, and to answer the balance. A hearing should have been granted in accordance with the prayer of the petition.

The decree entered on June 28, 1886, by the Circuit Court is accordingly reversed and the cause is remanded to that court for further proceedings in accordance with the views here expressed.

*Decree reversed.*

Mr. JUSTICE SHOPE, dissenting.