## Staunton.

HART AND OTHERS v. DARTER AND OTHERS.

September 12, 1907.

1. EQUITY JURISDICTION—*Mere Construction of Wills and Deeds.*—In order to give a court of equity jurisdiction to take cognizance of and construe a will, there must be an actual litigation in respect to a matter which is a proper subject of jurisdiction of a court of equity as distinguished from a court of law. The mere construction or interpretation of wills and deeds which devise or convey purely legal estates or interests, is not of itself a ground of equity jurisdiction. The power to construe such writings is simply an incident to the court's jurisdiction over a case on some one of the recognized grounds of equity jurisdiction.

Appeal from a decree in chancery of the Circuit Court of Scott county. From a decree dismissing the bill, the complainants appeal.

*Affirmed.*

The opinion states the case.

*Richmond & Bond,* for the appellants.

*W. S. Cox,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

In the year 1882, the will of Eyre Hart, deceased, was admitted to probate. The object of this suit, which was instituted by certain of the devisees under the sixth clause of the will, was to have that clause, which is as follows, construed:

"I will all my lands to my 6 living children, Elizabeth Hobbs

has received her full *potion* of all I possess, my living children W. H. Hart, B. F. Hart, M. Doniho, M. S. Darter, J. B. Hellon, Virginia Hart, and if one sells, sell it to one of six, and if one dies with *esue,* its part shall go to the other children."

The trial court, upon a hearing of the cause, dismissed the bill without prejudice to the rights of any party, upon the ground that the case was not in such a condition as to permit a decision of the matter in issue.

It appears from the record that the devisees under the sixth clause of the will partitioned the land devised them, and took possession of their respective shares; that all the devisees are living, some having children, and others none; that some have aliened their interest in the land devised to persons other than devisees. The bill alleges that doubt and uncertainty exist as to the exact rights of the parties in the land devised, which greatly encumber and hamper the complainants in dealing with their interest in the same, and that the complainants are advised that it is necessary, in order to ascertain the respective interests of the devisees, to have the will judicially construed. The prayer for relief is that the court will construe the sixth clause of the will, and adjudge that the words "with *esue*" therein be held to mean "without issue," and determine whether the devisees who have attempted to alien their interest had a legal right to sell to persons other than the devisees under that clause; to determine any other matter deemed pertinent by the court or required by any party in interest; and for general relief.

While the bill prays for general relief, it is clear from its allegations that the suit was brought solely for the purpose of having the sixth clause of the will construed by the court, and that no case is made for further relief. The first question, therefore, to be determined, is whether or not a court of equity has jurisdiction of the case made.

The courts are not in accord as to the ground of the jurisdiction of a court of equity to interpret and enforce the provisions of a will. Some hold that such jurisdiction is merely an

incident to its general jurisdiction over trusts, and that it will not exercise its powers to construe a will which only deals with and disposes of purely legal estates or interests in land, and makes no attempt to create any trust relation in respect to the property devised; others hold that its jurisdiction arises from the complicated character of the provisions of the will, from the difficulty of understanding their meaning, and from the doubt and uncertainty as to the rights of the parties claiming under them. See 3 Pom. Eq. Jur., secs. 1155 to 1157, and cases cited; Note to *Crosson* v. *Dwyer,* 2 Am. & Eng. Dec. in Eq. 687-690 and cases cited. But the prevailing doctrine in this country is that, in order to give a court of equity jurisdiction to take cognizance of and construe or interpret a will, there must be an actual litigation in respect to a matter which is the proper subject of jurisdiction of a court of equity as distinguished from a court of law.

Pomeroy, in discussing this question, says (sec. 1156), that "the doctrine which seems to be both in harmony with principle and sustained by the weight of authority is, that the special jurisdiction to construe wills is simply an incident of the general jurisdiction over trusts; that a court of equity will never entertain a suit brought *solely* for the purpose of interpreting the provisions of a will without any further relief, and will never exercise a power to interpret a will which only deals with and disposes of purely legal estates or interests, and which makes no attempt to create any trust relations with respect to the property donated."

In the case of *Chapman* v. *Montgomery,* 63 N. Y. 221, 230, it is said: "The rule is that, to put a court of equity in motion, there must be an actual litigation in respect to matters which are the proper subjects of the jurisdiction of that court as distinguished from a court of law. It is by reason of the jurisdiction of courts of chancery over trusts that courts having equitable powers as an incident to that jurisdiction take cognizance of and pass upon the interpretation of wills. They do not take

jurisdiction of actions brought solely for the construction of in-
struments of that character, nor when only legal rights are in
controversy." 3 Pom. Eq. Jur., sec. 1155.

In this State, as in England, courts of equity have jurisdic-
tion over the administration and settlement of decedents' estates,
whether the deceased die with or without a will, and in the ex-
ercise of and as incident to that jurisdiction, they construe and
enforce wills of personal property. See Pom. Eq. Jur., sec.
1155; *Adair* v. *Shaw,* 1 Sch. & Lcf. 243, 262; *Nelson* v. *Corn-
well,* 11 Gratt. 724, 737.

The English courts of chancery, under their general juris-
diction over trusts, had the power to construe and enforce wills
of real as well as of personal property, so far as they create or
their disposition involves the creation of trusts; but "so far,"
says Pomeroy, "as a will of real property bequeaths purely legal
titles and the devisees therein obtain purely legal titles to the
land given, the enforcement thereof belongs to the courts of
law by means of the action of ejectment, the courts of law
having full power to construe and interpret the instrument and
to determine the rights of the devisees; there is no necessity,
and, therefore, no power, of resorting to a court of equity in
order to obtain a construction of such wills." Sec. 1155.
*Bowers* v. *Smith,* 10 Paige 193; 16 Cyc. 54-101.

No case involving the precise question now under considera-
tion has been before this court, but, in the case of *Snyder* v.
*Grandstaff,* 96 Va. at p. 482, 31 S. E. 647, it was treated as
settled law by the learned circuit judge, who decided the case
and whose opinion was approved and adopted by this court, that
the construction or interpretation of wills and deeds was not
of itself a ground of equity jurisdiction, but that the power to
construe such writings was simply an incident to the court's
jurisdiction over a case on some one of the recognized grounds
of equity jurisdiction. This view, as we have seen, is in accord
with correct principles, is sustained by the weight of authority,

and should be adhered to, although, perhaps, not necessary to a decision of that case.

The clause of the will which this suit was brought to have interpreted, whatever the interest given be, it is clear, disposes of purely legal estates or interests, and makes no attempt to create any trust relation in respect to the land devised. There being no trust relation involved in the devise, and no other ground of equity jurisdiction shown, the bill was properly dismissed by the circuit court, and its decree must be affirmed.

*Affirmed.*