# JORDAN *v.* O'BRIEN.

## EQUITY; WILLS.

Equity will not assume jurisdiction to construe a will except as an incident of its general jurisdiction over trusts; and a bill in equity is, therefore, not maintainable by a devisee claiming a legal title to real estate in her possession under a will, for the sole purpose of obtaining a construction of the devise under which she claims; and a prayer in the bill to enjoin another party, also claiming an interest in the property under the will, from asserting title thereto, cannot be availed of to give the court jurisdiction.

No. 1975.   Submitted February 10, 1909.   Decided April 6, 1909.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, sustaining a demurrer to and dismissing a bill in equity for the construction of a will.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Fred Beall* and *Mr. Wm. Henry* for the appellant.

*Messrs. Sleman & Lerch* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decree of the supreme court of the District of Columbia sustaining the demurrer of the defendant, Ethlan Anna O'Brien, appellee here, to complainant's bill praying:

1. For a decree settling the construction of the will of Martha Alethea Jordan, who died about December 1, 1870, and "directing and setting forth what estate in the premises mentioned in said will the complainant is entitled to.

"2. That the said defendant may be forever and hereafter restrained by the order and injunction of this honorable court from ever asserting or claiming any title to said premises under said will.

"3. And for such other and further relief in the premises as equity may require and the court may see fit."

Complainant, Harriet Eliza Jordan, is the daughter of said testatrix, Martha Alethea Jordan, and is in possession of and claims title in fee simple to the premises mentioned in said will as devisee under said will. The bill sets forth that, "notwithstanding said devise, the defendant, as complainant is advised and believes, and so states, has claimed and still asserts that, under said will, the complainant is not entitled to a fee-simple estate, but is entitled merely to a life estate in said premises should she die without heirs of her body, and that she, said defendant, has a contingent interest under said will after the

determination of said life estate, the condition being that the complainant shall die without heirs of her body."

It is plain that the bill states a dispute confined to conflicting claims between the parties, and that the claim asserted by each relates to a purely legal estate in land. The will was long since probated, and complainant is in possession of the premises mentioned therein, and, by claiming the absolute ownership in fee simple, of course, denies the existence of any trust. Since the extent of complainant's estate, so far, at least, as these proceedings are concerned, is to be determined solely by reference to the will, it is apparent that the real object of the will is for the construction of said will, and that the second prayer is merely incidental to and dependent upon the conclusion reached as to the first prayer.

A careful examination of the adjudged cases leads to the conclusion that the doctrine in harmony with principle and sustained by the weight of authority is, that equity will not assume jurisdiction to construe wills except as an incident of the general jurisdiction over trusts; and that heirs at law and devisees who claim a mere legal estate will not be allowed to come into a court of equity for the sole purpose of obtaining a construction of a will, but must assert their title by legal action, or, if in possession, await an attack by hostile claimants. Where a court of equity has once obtained jurisdiction, it will not hesitate to give construction to a doubtful or disputed clause in a will, for, in such a case, the construction of the will is a mere incident to the relief which may be afforded by the decree. In *Bowers* v. *Smith,* 10 Paige, 199, which is a leading New York case, it was held that neither the heir at law nor the devisee who claimed merely a legal estate in the testator's real property can sustain a bill for the sole purpose of obtaining a judicial construction of the will. In *Torrey* v. *Torrey,* 55 N. J. Eq. 410, 36 Atl. 1084, the court said: "The power of courts of equity to construe devises of real estate is limited to such dispositions as create or involve the creation of trusts. So far as a will of real property devises purely legal estates, and the devisees therein obtain purely legal titles to land, their enforcement belongs

to the courts of law." In *Hoagland* v. *Cooper,* 65 N. J. Eq. 407, 56 Atl. 705, it was said: "It has been expressly held that the court will not construe wills for the sake of giving counsel and advice to the parties, but only for the purpose of giving positive directions for the action of the trustee." To the same effect are: *Beard* v. *Beard* (1906; N. J. Ch.) 63 Atl. 25; *Morse* v. *Lyman,* 64 Vt. 167, 24 Atl. 763; *Hart* v. *Darter,* 107 Va. 310, 15 L.R.A.(N.S.) 599, 58 S. E. 590; *Onderhonk* v. *Mott,* 34 Barb. 106; *Weed* v. *Weed,* 94 N. Y. 243; *Strubher* v. *Belsey,* 79 Ill. 307; *Chase* v. *Winans,* 59 Md. 475; Pom. Eq. Jur. Sections 1155–1156.

Tested by the rule announced, it is apparent that this bill must fail, since its main object is to obtain from the court a construction of a devise of a purely legal estate. The second prayer in the bill is really superfluous, for a decree interpreting the will according to the contentions of complainant would render abortive any subsequent claims of the defendant.

The decree is affirmed, with costs. *Affirmed.*