THE FIRST CONGREGATIONAL CHURCH OF HARVARD, Defendant in Error, *vs.* WILLIAM PAGE *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1913.*

1. EQUITY—*party complying with section 19 of Chancery act may file an answer as a matter of right.* Under section 19 of the Chancery act, if a defendant who was not summoned or served with a copy of the bill or did not receive the notice required to be sent him by mail, files his petition and otherwise complies with the requirements of said section 19, he is entitled to file his answer to the bill as a matter of right and be heard as though he had answered in the first instance.

2. SAME—*procedure where party files petition to answer a bill after entry of a decree.* Upon the filing of a petition, under section 19 of the Chancery act, disclosing the petitioner's right to answer, the cause should proceed the same as any other chancery suit, except that the decree stands pending the hearing, and will not be confirmed, set aside, altered or amended until the hearing is concluded.

3. SAME—*effect of motion to strike answer from files.* Where the answer filed under section 19 of the Chancery act is in proper form and there is nothing about it to authorize the court to strike it from the files on motion, the effect of such a motion, there being no replication on file, is an offer to submit the cause for hearing on the bill and answer, under section 29 of the Chancery act.

4. CLOUD ON TITLE—*when court is not authorized to construe a deed in bill to quiet title.* In a proceeding to quiet title the court is without jurisdiction to construe a deed to the complainant, where such construction is not incidental to the granting of the relief upon which the jurisdiction of the court to entertain the bill is predicated, but is merely a matter of declaring the legal title as between the complainant and the heirs of complainant's grantor.

5. SAME—*when bill should be dismissed as to a part of the defendants.* Where the only relief asked against certain of the defendants to a bill to quiet title is for the court to construe their ancestor's deed to the complainant and declare the legal title to be in complainant, and such relief is not incidental to granting the relief upon which the jurisdiction of the court to entertain the bill is predicated, the bill should be dismissed as to such defendants.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. C. H. DONNELLY, Judge, presiding.

DAVID R. JOSLYN, (E. H. WAITE, of counsel,) for plaintiffs in error.

CALVIN J. HENDRICKS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error filed its bill in the circuit court of McHenry county to quiet its title to certain premises therein described, and on September 27, 1911, a decree *pro confesso* was entered in accordance with the prayer of the bill. On February 6, 1912, plaintiffs in error, heirs-at-law of one William Hart, Jr., who had been made parties defendant to the bill and who had been served by publication, filed their petition in the cause under section 19 of the Chancery act, and having complied with all the provisions of that section were permitted to file their answer to the bill. Upon motion of defendant in error this answer was stricken from the files and the petition dismissed. This writ of error has been sued out to review that decree.

The bill, in substance, sets up defendant in error's chain of title, by sundry *mesne* conveyances from the government, to lots 4 and 5, in block 3, of Hart's addition to Harvard, Illinois, and alleges that the land from which these lots were thereafter platted was conveyed by the government to one George R. Page, who executed a bond for deed to one William Hart, Sr., whereby he agreed to convey said premises to Hart on January 14, 1853; that before said Hart had complied with the provisions of the bond on his part said Page died, and thereafter said Hart, upon a full compliance with the bond upon his part, filed a bill for specific performance; that in said bill one of the sons and heirs-at-law of Page was not properly made a defendant or served with summons; that thereafter, in November, 1855, pursuant to a decree of the circuit court of McHenry county, conveyance was made by a special commissioner appointed by the court, to William Hart, Sr., of

the premises described in the bond for deed; that thereafter William Hart, Sr., conveyed the premises to his son, William Hart, Jr., who platted the same and caused the plat to be recorded as Hart's addition to Harvard; that on March 19, 1866, the said William Hart, Jr., and wife, by long-form warranty deed, conveyed said lots 4 and 5 to the trustees of the First Congregational Church of Harvard, McHenry county, Illinois, which deed, in the granting clause, contained the following provision: "And it is agreed and understood by the parties to these presents that the above described lots are deeded to the above trustees for the purpose of building thereon a Congregational church and for no other purpose; and it is further understood that whenever the said lots cease to be used for the above described purpose they shall revert to the makers of this deed or to their heirs or assigns." The bill then recites that the trustees took possession of the property, built a church thereon and have ever since had possession of the same, paying taxes thereon and using the property for church purposes. The heirs-at-law of said George R. Page and of William Hart, Jr., were made parties defendant to the bill, and the prayer is that the defendant in error may be decreed and declared to be the absolute owner, in fee simple, of said lots 4 and 5, free and clear of all clouds and imperfections, and that its title to the same may be corrected and made perfect, and that the defendants be forever barred from claiming any interest in the premises, and for general relief. The decree found that all the material allegations of the bill were proven and granted the relief prayed for.

The petition of plaintiffs in error, filed February 6, 1912, made the showing required under section 19 of the Chancery act, and plaintiffs in error having complied with all the provisions of that section, leave was given them to answer the bill. This answer denies that defendant in error is the owner in fee simple of said lots, and avers that

under the clause of the deed above quoted, plaintiffs in error, as heirs of William Hart, Jr., have a reversionary interest in the property; denies that the possession of the defendant in error has been adverse to them, and avers that the premises have not been used for church purposes by defendant in error for a long time past. The other allegations are either admitted or not controverted. No replication was filed to this answer, but, instead, defendant in error filed its motion to strike the same from the files and to dismiss the petition, and assigned as grounds for its motion the following: "First, that said answer, and amendment thereto, of the said defendants does not disclose any defense by them to said suit; second, that the answer of said defendants, and amendment thereto, does not set forth any facts to show that the decree heretofore entered against them in said cause ought not to have been made; third, that if the answer of the said defendants, and amendment thereto, were true, such facts as are set forth therein would not make it imperative upon the court to set aside the decree heretofore entered in said clause."

This practice is somewhat novel. Section 19 of the Chancery act, under which the petition of plaintiffs in error was filed, provides, in part, as follows: "When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person * * * shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon

the hearing, that such decree ought not ·to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant." Upon complying with the provisions of this section plaintiffs in error were entitled, as a matter of right, to file their answer and to be heard in the .cause precisely the same as though they had answered in the first instance. (*Trustees of Methodist Episcopal Church* v. *Field,* 135 Ill. 112.) Upon the filing of their petition disclosing their right to answer, the cause should proceed exactly the same as any other suit in chancery, except that the decree stands pending the hearing and would not be confirmed, set aside, altered or amended until the conclusion thereof. The answer was in proper form and contained no scandalous or objectionable matter. There was nothing about it, either as to form or substance, authorizing the court to strike it upon motion of defendant in error. As the grounds for the motion state that the answer does not disclose any defense or show any facts that would warrant the court in setting aside or modifying the decree although everything stated in the answer be admitted to be true, and as there was no replication on file, the court must have considered the motion to strike as an offer on the part of defendant in error to set the cause for hearing upon the bill and answer under section 29 of the Chancery act, which provides that in default of filing a replication the cause may be set for hearing upon the bill and answer, in which case the answer shall be taken as true, and no evidence shall be received unless it be matter of record to which the answer refers. This view is strengthened by the fact that the court, in its decree striking the answer and dismissing the petition, states that "the court having examined all of the files in said cause, after argument of counsel and due deliberation, it is hereby ordered, adjudged and decreed," etc. We will therefore treat

this as a review of a decree entered upon a hearing upon the bill and answer.

So far as it affects the rights of plaintiffs in error, the bill herein is one to construe the deed of William Hart, Jr., and wife, to the trustees of defendant in error, and is not properly a bill to remove a cloud or to quiet the title. It would be a rather anomalous situation to permit one to remove as a cloud upon his title a part of the granting clause of the only instrument under which he claims title. The only argument presented by either side is directed to the construction of the clause in controversy contained in the deed of William Hart, Jr., it being contended on the part of defendant in error that it is of no force and effect whatever, and, at most, is but a covenant; while, on the other hand, plaintiffs in error contend that it is a condition subsequent, upon the breach of which they are entitled to reenter. This is a question defendant in error is not entitled to have passed upon by a court of equity in a bill to quiet title unless some equitable grounds are shown which would make a determination of this question necessary in order to do complete justice between the parties, which in this case would be between defendant in error and the heirs-at-law of William Hart, Jr. A court of equity having acquired jurisdiction for one purpose may retain it for all purposes necessary to do complete justice between the parties, and determine all their rights in the controversy even though legal rights are involved which otherwise could be enforced only in a court of law. (*Wehrheim* v. *Smith,* 226 Ill. 346; *Risser* v. *Patton,* 232 id. 353.) Such a case is not presented under the facts disclosed by this bill and answer. The bill discloses grounds for equitable relief as against the heirs of George R. Page, but that portion of the bill sought no relief as against plaintiffs in error. In fact, if they were interested at all it was beneficial to them to have the title quieted 'as against the heirs of Page, and in that respect their interest was identical with that of de-

fendant in error, who, in effect, represented them in that contention. The jurisdiction which the court acquired to quiet the title as to the heirs of Page did not authorize or warrant it to construe the deed of William Hart, Jr. A construction of that deed was not incidental to the relief asked against the heirs of Page. As to the issue with the heirs of Page, the real contention concerned only that which it was claimed created the cloud, and not the title of defendant in error, as that was not put in issue by the pleadings. (*Hutchinson* v. *Howe,* 100 Ill. 11.) As between plaintiffs in error and defendant in error a legal title, only, is involved, and no other relief is asked against plaintiffs in error than that that clause of the deed of William Hart, Jr., as above set out, be construed and the legal title of defendant in error declared. A court of equity will not assume jurisdiction to declare such legal titles but will remit the parties to their remedy at law. (*Strubher* v. *Belsey,* 79 Ill. 307; *Strawn* v. *Jacksonville Female Academy,* 240 id. 111; *Mansfield* v. *Mansfield,* 203 id. 92; *Bieber* v. *Porter,* 242 id. 616; *Miles* v. *Strong,* 62 Conn. 95.) The cases just cited in support of this proposition are all cases in which it was sought to have wills construed, but so far as this question is concerned there is no difference, in principle, between a bill to construe a will and a bill to construe a deed. 8 Ired. Eq. 84.

Upon a hearing on the bill and answer the court should determine the sufficiency of the bill the same as in any other case, and if it appears upon such hearing that the complainant is not entitled to the relief sought, should dismiss the bill for want of equity. The court should have found that defendant in error was entitled to no relief under its bill as against plaintiffs in error, and the bill should have been dismissed as to them.

The decree of the circuit court is reversed and the cause is remanded, with directions to that court to dismiss the bill

as to plaintiffs in error and to so modify the decree as to grant only the relief prayed against the heirs of George R. Page. *Reversed and remanded, with directions.*