LEPHRONICA BECCAISE, *Appellant,* v. RUDOLPH BECCAISE *et al., Appellees.*

Opinion Filed May 14, 1913.

Devisees or heirs at law of a testator who claim merely legal estate in his real property, where there is no trust, cannot main-

tain a bill in equity for the sole purpose of obtaining a judicial construction of the will, since the decision of such legal questions belongs exclusively to the courts of law, except where they arise incidentally in a court of equity, in the exercise of its legitimate powers, or where the court has obtained jurisdiction of the cause for some other purpose.

Appealed from the Circuit Court of Monroe County.

Decree affirmed.

*E. M. Semple,* for Appellant;

*W. H. Malone,* for Appellees.

WHITFIELD, J.—The bill of complaint was brought by the appellant in her own right to procure a construction of a will of her deceased husband under which she claims the legal title to lands as against the defendants who are heirs of the decedent. There is no allegation that the complainant was in possession of the land or that the land was wild and unoccupied at the time the suit was brought. No trust relation or duty or other ground for equitable relief is alleged. A demurrer to the bill of complaint was sustained, and the complainant appealed.

Devisees or heirs at law of a testator who claim merely legal estates in his real property, where there is no trust, cannot maintain a bill in equity for the sole purpose of obtaining a judicial construction of the will, since the decision of such legal questions belongs exclusively to the courts of law, except where they arise incidentally in a court of equity, in the exercise of its legitimate powers, or where the court has obtained jurisdiction of the cause for some other purpose. 22 Ency.

Pl. & Pr. 1192; Torrey v. Torrey, 55 N. J. Eq. 410, 36 Atl. Rep. 1084; Hart v. Darter, 107 Va. 310, 58 S. E. Rep. 590, 13 Ann. Cas. 1.

As there is no allegation that the complainant is in possession of the land or that it is wild and unoccupied, or that the defendant is not in possession, it is not shown that a court of equity has jurisdiction of the controversy under Section 1949 of the General Statutes, for if the defendants are in possession of the land they have a right under the Constitution to a jury trial and the remedy at law is adequate. Hughes v. Hannah, 39 Fla. 365, 22 South. Rep. 613.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.