## Philip Gollner Company, Appellant, v. Walter R. Gillette et al., Appellees.

### Gen. No. 24,807.

1. Equity, § 539*—*when party petitioning for vacating of decree is entitled to hearing as matter of right*. Where no motion is made in the trial court to strike a petition under section 19 of the Chancery Act (J. & A. ¶ 899) to vacate decree and the petition makes the showing required under such section, the petitioner becomes entitled as a matter of right to be heard in the case.

2. Mechanics' liens, § 200*—*effect of dismissal of bill to foreclose lien*. Where, after a decree *pro confesso* and sale of the premises, a bill to foreclose a mechanic's lien against premises owned by two persons is properly dismissed on the demurrer of one of such owners, both of whom filed petitions under section 19 of the Chancery Act (J. & A. ¶ 899), praying that the decree be opened and they be heard, an end is put to the whole proceeding to establish the lien, regardless of any defect in the petition filed by the other owner.

3. Equity, § 539*—*construction of statute relating to vacating of decrees*. Section 19 of the Chancery Act (J. & A. ¶ 899) is remedial and should receive a liberal construction to effect the purposes which it has in view.

4. Equity, § 539*—*right, under statute relating to vacating of decrees, to file demurrer*. The hearing contemplated by section 19 of the Chancery Act (J. & A. ¶ 899) is not limited to one upon the merits, and defendant is not required to raise issues by answer, but may file a demurrer if he be so advised.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. Mechanics' liens, § 156*—*when suit to foreclose lien is barred by limitations.* It is a proper ground in bar to a suit to foreclose a mechanic's lien that the bill was not brought within the 2-year period of limitation.

6. Mechanics' liens, § 200*—*when bill to foreclose lien is properly dismissed.* In a suit to foreclose a mechanic's lien, where a demurrer filed by the owners of the property which sets up the statute of limitations is sustained, the bill is properly dismissed, since complainant could have no equities against the other defendants if it had none against the owners.

Appeal from the Circuit Court of Cook county; the Hon. Merritt W. Pinckney, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed December 2, 1919.

Edward H. Morris, for appellant.

Gurdon Williams, for appellees.

Mr. Justice Barnes delivered the opinion of the court.

The bill in this case was brought to foreclose an alleged mechanic's lien on premises averred to be owned by appellees, Walter R. and Floyd R. Gillette. Service by publication was had on them and all other defendants except three. All were defaulted, and pursuant to a decree *pro confesso* the premises were sold and a master's deed issued to appellant, purchaser at the sale. Before the expiration of three years the Gillettes presented their respective petitions under section 19 of our Chancery Act (J. & A. ¶ 899), praying to be heard touching the matters involved in said proceeding, and orders were entered granting them leave to "appear in the cause and answer the complainant's bill of complaint and be heard touching the matters involved in this proceeding, and that thereupon such proceedings may be had herein as if this defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had appeared in due season and no decree had been made."

The Gillettes forthwith appeared and specially demurred to the bill on the ground that it was not brought within the two-year period of limitation for such an action. The demurrer was sustained and complainant electing to stand by its bill, it was dismissed. From the order of dismissal this appeal is taken.

Only two points for reversal are urged: (1) that section 19 of our Chancery Act (J. & A. ¶ 899) contemplates that an answer shall be filed and a hearing had upon the merits; and (2) that Floyd R. Gillette's petition purports to be made before a notary public of another State without due proof of the notary's authority to administer an oath.

As to the second point, it is sufficient perhaps to say that the statute in question does not expressly require that the petition be under oath. However, it does not appear that appellant raised below the question of any formal defect. He made no motion to strike the petition, and as both petitions made the showing required under said section, the petitioners became entitled as a matter of right to be heard in the case. (*Trustees of M. E. Church v. Field*, 135 Ill. 112.) And, too, if the bill was properly dismissed on the demurrer of Walter R. Gillette, one of the alleged owners of the property, it put an end to the whole proceeding to establish a lien regardless of any defect in Floyd R. Gillette's petition. (*McCarthy v. Neu*, 93 Ill. 455, 457.)

Appellant seeks a strict construction of the words of said section "that the person so petitioning may appear and *answer* the complainant's bill," and urges that the "hearing" therein provided for contemplates one upon the merits. The statute is remedial in character and should, therefore, receive a liberal construction to effect the purposes it has in view. It reads: "The person so petitioning may appear and answer

the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made." Taking the entire section together and its manifest purposes, we think it contemplated putting the defaulted party back in the same position as if no default had been taken. In that case he could have demurred, and that was the view expressed in *Trustees of M. E. Church v. Field, supra,* where the court said: "The defendant should have been allowed to file a written answer setting up its defense, or a demurrer if it should be so advised." It would be anomalous to construe the language of said section so as to compel the petitioner to raise issues by answer and go to a useless hearing when on the same ground the action could be defeated by a demurrer, especially in view of the language "that thereupon such proceedings shall be had as if the defendants had appeared in due season," etc. It was evidently the view of the Supreme Court that the word "answer" was not to be so construed as to deprive the party appearing of the right to plead as he might have done had he "appeared in due season." Hence we think there was no error in allowing the demurrer to be filed; and it set up a proper ground in bar to the suit. (*Gunton v. Hughes,* 181 Ill. 132, 134.)

That the bill was properly dismissed as leaving nothing to be decided by the court can hardly be questioned, it being perfectly clear that the complainant could have no equities against the other defendants if it had none against the owners of the property. (*Griffiths v. Griffiths,* 198 Ill. 632.) The decree will be affirmed.

*Affirmed.*