## Israel Altnaj, Appellant, v. Beile Altnaj, Appellee.

### Gen. No. 26,843.

DIVORCE—*when court has jurisdiction to direct that complainant be committed to jail for failure to pay temporary alimony.* Where defendant, in a suit for divorce in which a decree was granted on default under constructive service, petitioned for a vacation of the order of default, and her petition was granted pursuant to section 19 of the Chancery Act (Cahill's Ill. St. ch. 22, ¶ 19), and an order for temporary alimony was entered, the court had jurisdiction to direct that complainant be committed for failure to pay such alimony.

Appeal from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921.

L. A. GILMORE, for appellant.

SHAEFFER & FOSTER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

March 18, 1919, a decree for divorce in favor of appellant was entered in the above entitled cause on the ground of his wife's desertion. April 2, 1920, she filed a petition to vacate the order of default entered against her and the decree of divorce, service having been had upon her by publication and mailing of notice pursuant to statute, while she was a resident and con-

tinuing to live in Austria. It appeared from her petition that she never had knowledge of the decree until after it was entered, and that the notice mailed to her was never received but returned to the clerk of the court, and on account of the existence of war between this country and Austria at that time, never left this country. On consideration of her petition an order was entered granting her leave to appear and file her answer in said cause pursuant to section 19 of the Chancery Act (Cahill's Ill. St. ch. 22, ¶ 19). Later, on application of appellee, an order for temporary alimony was entered. Appellant refusing to pay the same he was cited into court to show cause why he should not be attached and punished for contempt of court for nonpayment of said alimony. In his answer to the rule appellant set up that the decree of divorce was still in force and that the court had nò jurisdiction to enter an order requiring him to pay temporary alimony. On consideration of his answer the court held it insufficient and adjudged him to be in contempt of court for failure to pay such alimony, and directed him to be committed to the county jail until the same was paid or he was released by due course of law. From that order this appeal was granted.

Appellant reiterates here the contention that the court had no jurisdiction, so long as the decree of divorce was not set aside, to enter such order for alimony. Said section 19 of the Chancery Act (Cahill's Ill. St. ch. 22, ¶ 19) expressly provides that in such a case "such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant." In other words, as said in *First*

*Cong. Church of Harvard v. Page,* 257 Ill. 472:

"Upon the filing of their petition disclosing their right to answer, the cause should proceed exactly the same as any other suit in chancery, except that the decree stands pending the hearing and would not be confirmed, set aside, altered or amended until the conclusion thereof."

If, therefore, under the statute, the cause should proceed the same as any other suit in chancery, with the exception stated, then we see no reason why "during the pendency of the suit" the husband may not be required to pay to the wife such sum or sums as may enable her to defend her suit as provided for in section 15 of the Divorce Act (Cahill's Ill. St. ch. 40, ¶ 16). The authorities cited by appellant have no application to such a state of facts as disclosed in this record.

Accordingly, the court's action will be affirmed.

*Affirmed.*

Gridley, P. J., and Morrill, J., concur.