**Dezidar Balsay et al., Appellees, v. Antonina Conte et al. Appeal of Helen Hughes, Appellant.**

**Gen. No. 35,576.**

Opinion filed December 28, 1931.

Edward A. Miller, for appellant.

No appearance for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by Helen Hughes from an order of the chancellor denying her leave to file her petition under section 19 of the Chancery Act, Cahill's St. ch. 22, ¶ 19.

On July 24, 1929, complainants Dezidar Balsay and David J. Murphy, as trustee, filed their bill to foreclose a certain trust deed given to secure an indebtedness of $6,000 executed by Peter Conte and Antonina Conte, his wife. The bill alleged, among other things, an execution by the same parties of a certain other trust deed to secure payment of their note for $2,500, and it is alleged this second trust deed is a lien on the premises described in the bill, subject, however, to complainants' trust deed. The holder and owner of the last mentioned note for $2,500 was made a party defendant under the style and description of "unknown owner." Publication was duly had as to the unknown owners and default of all the defendants was entered September 25, 1929, and a decree was entered on November 15, 1929.

On March 6, 1931, Helen Hughes filed her petition under section 19 of the Chancery Act, Cahill's St. ch. 22, ¶ 19, in which she asserted in substance that she was the owner and holder of the $2,500 note and had been made party defendant to the foreclosure proceedings as an unknown owner; that she had not been summoned or served with a copy of the bill of complaint or received a notice of the pendency of suit which the clerk of the court was required to send, and had received no notice in writing of such decree. She asked that she be heard touching the matters of such decree upon such reasonable terms as to the court might seem just, pursuant to the statute. Leave to file this petition was denied.

No one appears in this court in opposition to this appeal, and no suggestion is made and none occurs

to us as to the theory which moved the chancellor to deny leave to file the petition.

Section 19 as it then stood was in substance as follows:

"When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant."

The petitioner complied in every particular with the foregoing statute and was entitled to file the petition as a matter of right. *Trustees of M. E. Church v. Field,* 135 Ill. 112; *Jenkins & Reynolds Co. v. Wells,* 220 Ill. 452. In *Philip Collner Co. v. Gillette,* 216 Ill. App. 25, it was held that the statute, being remedial in character, should be liberally construed. See also *First Congregational Church v. Page,* 257 Ill. 472; *Northern Trust Co. v. Sanford,* 308 Ill. 381.

For the reasons indicated the order denying petitioner leave to file her petition is reversed and the cause is remanded to the circuit court with directions

to grant Helen Hughes leave to file her petition and permit her to plead, answer or demur to the bill of complaint upon payment of such costs as that court may deem reasonable.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.