(No. 18227.

THE ARNOLDSVILLE BUILDING AND LOAN ASSOCIATION, Appellant, *vs.* ALVIN G. DEMPSEY *et al.*—(JEANETTE BROOKS, Appellee.)

*Opinion filed April 17, 1930.*

Edward J. Kelley, for appellant.

Ring & Uhlir, for appellee.

Mr. Commissioner Edmunds reported this opinion:

The Arnoldsville Building and Loan Association, appellant, filed its bill for foreclosure in the superior court of Cook county, naming Jeannette Brooks (hereinafter designated as appellee) and certain other parties defendants. Default was taken in due course, decree of foreclosure was entered, and the property involved was sold to appellant. Subsequently appellee filed a petition under section 19 of the Chancery act for leave to appear and answer. This petition was allowed, appellee filed answer and cross-bill, and the cause was referred for hearing to a master, who recommended that appellant's bill be dismissed for want of equity. The present appeal is from a decree entered in accordance with such recommendation.

The bill to foreclose was filed September 23, 1920. It alleges that on February 7, 1917, Alvin G. and Gertrude Dempsey became indebted to appellant in the sum of $4000, and, being so indebted, on that date executed and delivered

to appellant a certain agreement in writing, together with forty shares of capital stock of appellant. The agreement thus referred to is set out in the bill. It provides that whereas the Dempseys have become members of the association and the owners of forty shares of stock of the seventieth series and have borrowed of the association $4000, they promise to pay the association $10 upon each and every Wednesday, with interest on said sum of $4000 at the rate of six per cent per annum, in equal monthly installments of $20 per month, until the dissolution of the association, or until each share of stock in the seventieth series shall have attained the value of $100, or until said sum is fully paid; that upon default of the Dempseys in making the above payments for the space of six months after any payment thereof shall fall due said stock may be declared forfeited as for non-payment of dues and revert to the association, to be applied in satisfaction of the indebtedness, in which case the debt shall become immediately due and recoverable and all fines and penalties shall become liquidated damages. The bill further alleges that on February 7, 1917, the Dempseys, to secure the payment of the principal sum of money and interest mentioned in said agreement, executed and delivered a trust deed conditioned for the payment of $4000. This trust deed is also set out in the bill. By its terms the premises herein involved are conveyed to John W. Pfeiffer, trustee. It recites the tenor of the obligations of the Dempseys under the terms of the above agreement with the association, and provides that if default be made in the payment of any of the amounts mentioned in the agreement, or in case of waste, non-payment of assessments or taxes, or breach of any of the covenants of the trust deed, the whole sum evidenced by the agreement shall, at the option of the legal holder thereof, become immediately due and payable, and that in such event the trustee or his successor shall have the right, on the application of the legal holder, to enter into and take possession of the premises and col-

lect the rents and profits and to file a bill for foreclosure against the premises. The bill further alleges that the Dempseys have made default in the payment of installments and interest and fines, and that said default has continued for more than six months. The total amount due appellant as of September 12, 1920, is not alleged. The bill alleges that the premises are badly in need of repair and constitute scant security, and proceeds: "Your orator further represents that the said Alvin G. Dempsey and Gertrude Dempsey, his wife, on, to-wit, the fifth day of March, A. D. 1918, by their warranty deed of that date conveyed the said real estate to one Jeannette Brooks, who is a spinster, which said warranty deed was recorded March 13, 1918, in the recorder's office of Cook county, in book 14985 of records, on page 25, as document 6286207." In addition to Alvin G. and Gertrude Dempsey and appellee, various other named persons, as well as "unknown owners," are made parties defendant. The prayer of the bill is that the defendants, or some one of them, may be decreed to pay appellant what may be found due it on the taking of an account, or in default thereof that the defendants, and all persons claiming under them, may be foreclosed from all right of redemption in or to the mortgaged premises; that a receiver may be appointed to make repairs and collect the rents, issues and profits, and that appellant may have such other and further relief as equity may require. An order appointing a receiver was entered October 11, 1920, and on October 18 thereafter an order was entered detailing various repairs essential to the preservation of the premises, giving leave to make such repairs and authorizing payment therefor out of the rents, issues and profits.

On September 18, 1922, affidavit of non-residence was filed, naming appellee and others, and giving the last known place of residence of appellee as Culbertson, Montana. On September 20 thereafter the clerk of the superior court filed a certificate of mailing notice to appellee at Culbertson.

Publication followed. Order of default was entered November 10, 1922, together with order of reference to a master to take proofs. Decree of sale was entered December 19, 1923, finding the amount due appellant as $5803.31, with interest at five per cent from date of decree, and ordering sale by a master. Report of sale and distribution was filed January 25, 1924, showing sale to appellant for $5800 and a deficiency of $312.12. On August 24, 1925, an order was entered directing the execution of a master's deed of conveyance.

On November 24, 1925, appellee filed a petition under section 19 of the Chancery act, alleging that on September 23, 1920, and at all times thereafter, she was a nonresident of the State of Illinois and resided in the State of Montana, and that she was not served with summons or a copy of the bill of complaint, nor did she receive any notice required to be sent by mail, nor did she receive any notice in writing of the entering of the decree of December 19, 1923. On December 7 thereafter an order was entered allowing said petition, giving appellee leave to appear and answer the original bill and directing her to pay as costs $250. The record shows that on the same date, December 7, 1925, appellant filed answer to the petition of appellee, admitting that on September 23, 1920, appellee was a non-resident of the State of Illinois, that she continued to be a non-resident of the State of Illinois, and that she was, and continued to be, a resident of the State of Montana. Appellant's answer further admits that appellee was not served with a summons or copy of the bill of complaint; neither admits nor denies that appellee did not receive any notice required to be sent by mail and craves strict proof thereof, and denies that appellee did not receive a notice in writing of the entry of the decree of December 19, 1923, stating that such notice was signed by Clement Hand, addressed to appellee at Culbertson, Montana, and deposited in the United States mails on January 8, 1924. Appellant's answer further avers that a

response to said communication was received by Hand, the post-mark on the envelope containing the response showing that it was mailed in Culbertson on January 12, 1924.

On December 9, 1925, appellee filed a demurrer to the bill of complaint, setting forth as special causes that no forfeiture of the stock of appellant pledged as collateral for the payment of the mortgage had been declared; that no resolution was shown to have been passed by appellant declaring the forfeiture of the stock pledged as collateral; that no resolution was shown to have been adopted by appellant for foreclosure of the mortgage, and that the bill did not allege the amount due appellant. An order sustaining the demurrer and giving appellant leave to amend was entered December 21, 1925. On January 4, 1926, the appellant amended its bill to indicate the passage on June 7, 1920, of a resolution for foreclosure and showing the amount due appellant as $5240. On January 5 thereafter appellee filed an answer to the bill as amended, admitting the indebtedness of Alvin G. and Gertrude Dempsey and the execution of the agreement and trust deed, but denying default in payment of interest and the passage of a resolution on June 7, 1920, forfeiting the stock described in the bill, and further denying that the sum of $5240 was due as alleged or that foreclosure by appellant was authorized. The answer further alleges that the sums collected by the receiver are far in excess of any sums due and owing to appellant, and that when the rents are properly applied a balance will be owing to appellee, and proceeds: "This defendant further answering admits that Alvin G. Dempsey and Gertrude Dempsey, his wife, on the fifth day of March, A. D. 1918, by their warranty deed of that date, conveyed the said real estate to Jeannette Brooks, this defendant, and that the said warranty deed was recorded in the recorder's office of Cook county, Illinois, on March 13, A. D. 1918, in book 14985 of records, page 25, as document No. 6286207; that by virtue of said warranty deed this defendant acquired the

equity in said property and is now the owner of said equity." The answer concludes with a prayer for an accounting and an order directing payment to appellee of whatever amount may be shown upon said accounting to be due her. To this answer appellant filed replication, and on January 12, 1926, an order was entered referring the cause to a master. On January 22, 1926, appellant moved to vacate the order of reference, withdraw the amendment to the bill of complaint, vacate the order sustaining the demurrer to the bill and set down the demurrer for re-argument, supporting the motion with an affidavit of counsel to the effect that appellant's regular solicitor who had been handling the case was out of the city during the month of December because of illness in his family and the attorney who looked after his business at that time was wholly uninformed as to the matter involved in the present cause. The motion was denied. On March 19, 1926, appellee by leave of court filed a cross-bill, alleging that she was the owner in fee of the premises involved and praying that the master's deed of sale be canceled as a cloud upon her title.

On May 14, 1926, the master's report was filed. It found, as a conclusion of law, that it was a prerequisite to the institution of the foreclosure proceedings that a resolution be passed by the directors of appellant declaring the indebtedness of Alvin G. and Gertrude Dempsey due and payable and their stock forfeited, and further declaring that appellant's solicitor was authorized to institute foreclosure proceedings. It further found that no such resolution was passed, the minutes of the meeting of June 7, 1920, providing, "Motion was made and passed that proper action be taken to foreclose the mortgage given by A. G. Dempsey and wife to secure a loan of $4000 on property at No. 812 East Fifty-third, city," being insufficient justification, under section 21 of the Building and Loan act, "for the forfeiture claimed by the complainant of the stock of Alvin G. Dempsey and Gertrude Dempsey, his wife, and to justify

the foreclosure sought by the bill of complaint as amended in this cause." For this reason the master recommended that the bill as amended be dismissed for want of equity, and subsequently such decree was entered.

Appellant contends (1) that the court erred in allowing appellee to appear and answer; (2) that the action taken by the directors of appellant authorizing foreclosure complied with all legal requirements; and (3) that section 21 of the Building and Loan act, (Cahill's Stat. 1929, chap. 32, par. 395,) which the master found had not been complied with, is unconstitutional.

Upon compliance with the provisions of section 19 of the Chancery act (Cahill's Stat. 1929, chap. 22, par. 19,) a defendant who has not been summoned or served with a copy of the bill or received the notice required to be sent by mail is entitled, as a matter of right, to file his answer and be heard in the case precisely as though he had answered in the first instance. (*First Congregational Church* v. *Page*, 257 Ill. 472; *Trustees of the M. E. Church* v. *Field*, 135 id. 112.) It is not a matter of discretion with the court. (*Lawrence* v. *Lawrence*, 73 Ill. 577.) Appellant's position is, that it filed an answer denying the allegation of the petition that appellee had not received the notice required to be sent, and that the chancellor should not have entered an order permitting the filing of an answer by her without a hearing on the issue of fact thus raised. It is not shown that there was a hearing on this issue. Assuming, however, that such order should not have been entered until there had been a hearing on the issue presented by the petition and the answer thereto, there is nothing of record to indicate that such hearing was not had or that the order was entered without a proper showing of merit. The presumption in favor of the regularity of proceedings in a court of general jurisdiction will obtain until overcome by a showing that error has been committed. (*People* v. *Glasgow*, 301 Ill. 394; *People* v. *Ritscher*, 301 id. 40; *Taylor* v. *Wal-*

*son,* 177 id. 439.) For present purposes we can conclude only that the order granting leave to appellee to appear and answer was a proper one.

Section 21 of the Building and Loan act provides that in case of non-payment of installments or interest and fines by borrowing stockholders for the space of six months, payment of principal and interest and fines without deducting the premium paid or the interest thereon may be enforced by proceedings against their securities according to law, upon the order of the board of directors. By their terms these provisions are applicable where an association seeks to enforce payment against borrowing stockholders without deducting the premium paid or the interest thereon. No payment of premium or interest appears to have been made here, and the end sought by the bill in the present case does not bring it within the purview of the provisions of section 21. It is accordingly unnecessary to pass upon the constitutionality of these provisions. The amended bill alleges the passage of a resolution authorizing foreclosure. If it be held that such action is a necessary pre-requisite to the right of such associations to maintain such a bill as the one in the present case, from the minutes of the meeting of June 7, 1920, it is evident that appellant did authorize the institution of proceedings to foreclose the mortgage here involved. The second contention of appellant is well taken, and the record does not sustain the arguments of appellee that the bill was properly dismissed for want of equity.

Although the decree dismissing appellant's bill must accordingly be reversed, it does not follow that this court may properly order the original decree of foreclosure to stand confirmed. It was held in *Scott* v. *Milliken,* 60 Ill. 108, that where a mortgagor who is a non-resident and not served by publication applies in due time for leave to answer and is given such leave, he occupies the same position in the case as though he had been personally served and was defending in the first instance. It was further held that the decree

originally entered on the mortgagor's default in nowise affects his rights on the trial on his answer, and that he has the same right to redeem the mortgaged premises that he would have had if he had been personally served with process and had appeared and defended before the decree was rendered. Appellant urges that appellee is not a mortgagor; that there is nothing to show that the deed to her referred to in the pleadings was ever delivered to her; that the master's report is silent as to her right to the property; that Alvin G. Dempsey testified that he did not know appellee, never saw her and never paid any rent to her, although he had lived on the premises since the execution of the mortgage; that appellant offered to show by Dempsey that said Dempsey never delivered to appellee the deed mentioned in the bill of complaint, but, on the contrary, delivered it to one Pishzak, a son-in-law of the then secretary of appellant, but the master refused to permit such evidence, and that John E. Schoch, another witness, testified that he had lived on the premises involved for over five years but never saw or knew appellee and never paid any rent to her. Counsel for appellant argues earnestly that in the light of these considerations there is no reason for affording appellee any opportunity to redeem. Counsel for appellee point out, in reply, that appellant's bill and amended bill specifically allege that the Dempseys conveyed the property to appellee, and that the answer admits this allegation and avers that appellee is the owner of the equity of redemption. In her cross-bill appellee alleges that she is the owner in fee of the premises. Appellant demurred to this cross-bill, and the demurrer was not disposed of. It cannot be said that appellant's pleadings were such as to even put in issue the ultimate interest of appellee, and so far as is apparent from this record she rightfully claimed the equity of redemption. Under these conditions we would not be warranted in ordering final disposition of the case and directing the original decree to stand in all respects confirmed.

It must be said, however, that the state of the record is not such that this court can undertake to pass in any way upon the respective contentions of the parties as to the ultimate merits of the cause. The master found that at the time of execution of the loan papers here involved, and for a considerable time thereafter, the secretary of the association kept very imperfect records. The secretary at the time of the hearing testified that when he was elected secretary "the accounts of the association were in a condition unexplainable;" that "there was no records to go by—there was nothing posted for over a year," and that during the time that the proceedings were being prepared for this foreclosure, "things were all in turmoil." Appellant's affairs had apparently been conducted in a very loose manner. Upon remandment both sides should be accorded the right to amend or to file further pleadings and to make such proofs as may be necessary to determine the right of appellee to appear, answer and redeem. If such right appears there should be a full accounting as to rents and profits from the date of appointment of the receiver, and the same should be applied in accordance with the equities of the respective parties as they may be made to appear, and the original decree should be confirmed, set aside or modified as the equities of the case may require. Pending such further determination of the equities as may call for another and different decree, the decree of foreclosure and sale and order directing the execution of master's deed, already entered, shall stand.

The decree of the superior court of Cook county is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*