**A. V. Barney et al., Appellants, v. E. W. Froehlich et al., Appellees.**

**Gen. No. 38,384.**

42

Opinion filed June 22, 1936.

CHARLES R. SMITH, of Chicago, for appellants; JOHN A. ULRICH, of Chicago, of counsel.

A. S. & E. W. FROEHLICH, of Chicago, for appellees.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

By this appeal plaintiffs seek the reversal of an order of the circuit court of Cook county entered on May 16, 1935, wherein and whereby it is ordered that a complaint in the nature of a bill for review filed by plaintiffs be stricken, and that the cause be dismissed for want of equity. By the complaint filed in the cause, plaintiffs seek to have a decree of foreclosure of the circuit court of Cook county entered on February 1, 1932, reviewed, reversed and set aside, and that a deed issued under such decree to one E. W. Froehlich, one of the defendants in said complaint, be canceled. The decree which plaintiffs seek to have vacated, was entered in a proceeding brought to "secure a decree of foreclosure against real estate . . . for the purpose of satisfying . . . various mechanics liens."

The bill in the foreclosure proceeding, in which the decree sought to be set aside was entered, was filed on December 29, 1929, by the Dry Fast Company, and among the parties made defendant in the bill were the "unknown owners" of certain bonds secured by a trust deed on the premises involved in the foreclosure suit.

Service in that proceeding was had on the petitioners herein, as "unknown owners" by publication. Thereafter, 23 other mechanics' lien claimants appeared in the foreclosure suit and filed their intervening petitions, or answers. It may here be noted that it is the claim of the petitioners in the instant case that the contract with the complainant in that suit with 10 of the intervening petitioners, was executed after the recording of the trust deed given to secure the bonds. It is alleged in the complaint in the instant case that after a hearing, the foreclosure proceeding went to decree on behalf of all of the claimants, 24 in number, on February 1, 1932, and by order of the court, a sale was made of the premises to Edmund W. Froehlich, as trustee for all of these claimants; that Froehlich was the attorney for several of the lien claimants in the foreclosure proceeding, and that after the sale, a deed issued to Froehlich, as such trustee; that Froehlich holds the title to the property foreclosed for and on behalf and for the benefit of all of the lien claimants, and that Froehlich is now in possession of the premises involved, as such trustee.

The plaintiffs, 30 in number, filed the bill for review in the instant case in the circuit court on June 22, 1934.

In addition to the matters already mentioned, there is alleged *inter alia* that the petitioners are all owners of bonds secured by trust deed on the property in question, and that they were all made parties in the foreclosure proceeding as "unknown owners"; that shortly after the filing of the bill in the foreclosure proceeding, one John E. Olson, the largest lien claimant, approached the plaintiffs in the instant case, and informed each of them that because of defaults in payment of interest on the bonds, it would be necessary for them to file a suit for their protection, and it is alleged that Olson recommended that they deposit their bonds for this purpose with the firm of Cum-

mings & Wyman, attorneys at law, who then represented one of the intervening petitioners in the foreclosure proceeding sought to be reviewed; that all of the plaintiffs did deposit their bonds with Cummings & Wyman, but that none of them was informed of the foreclosure proceeding until sometime later. It is alleged that the affidavit filed for publication in the foreclosure proceeding, in which it is stated that the owners of the bonds secured by mortgage on the real estate, were unknown, was false; that the statement in the affidavit that the owners of the bonds could not be found upon diligent inquiry was false, because it was well known to the person who made the affidavit, who and where the owners of the bonds were; that after the petitioners in the bill for review had deposited their bonds with Cummings & Wyman, this firm appeared in court on February 7, 1931, and had a default order entered against these defendants in the foreclosure proceeding, and that at that time, this firm of Cummings & Wyman was fully aware of the fact that plaintiffs in this bill for review had no knowledge of the foreclosure proceedings, and that at that time, Cummings & Wyman had in their possession the names and addresses of all of these plaintiffs, the owners of such bonds. On December 20, 1932, Cummings & Wyman, as solicitors for defendants in the foreclosure proceeding, the owners and holders of the bonds mentioned,—petitioners here—filed in the circuit court of Cook county the following sworn petition:

"These petitioners, Philip Dienthal, Anna Boeson Johnson, Magdalena Meyers, Mary Kelley, Richard Kelley, Frank J. LeGere, George F. Benjamin, Adelia K. Boyar, Lillian J. Clark, William Lynch, August Bretsch, Joseph Mazikoski, Ella Mazikoski, John McDonald, Sarah McDonald, Anna E. Moran, George H. Rendall, Joseph Arnsdorf, Thomas Knill, B. W. Cohn, A. V. Barney, Albert Deu, Mrs. James L. Moore,

Louise Deu, John J. Schnell, Catherine Schnell, Thomas Geggen, Lulu Boelter, Mrs. George Paxton, George Paxton, Helen McGivern, R. J. White, R. Z. Tracy, Mida Mabel Kirby, and E. Jurgensen, by Cummings and Wyman, their solicitors, respectfully represent:

"1. They were impleaded and made parties defendant hereto as Unknown Owners.

"2. Petitioners further state that neither they, nor any of them were served with a copy of the bill herein, or received the notice required to be sent to them, or any of them, by mail, or otherwise brought into court.

"3. Petitioners further state that final decree herein was entered on December 22, 1931. Petition further states that they, and each of them, are the holder of the bonds aggregating in total the sum of, to-wit, Forty Thousand Dollars ($40,000.00), secured by a first mortgage trust deed on the premises in question in this proceeding; that as to some, and possibly all of the claims of the complainants and intervening petitioners herein, the lien of said trust deed and of the bonds held by these petitioners was and is prior and superior in so far as the value of the land upon which said improvements were erected is concerned; that is to say, that said trust deed is in any event a first lien upon the land, prior and superior to the liens of the complaints intervening petitioners herein.

"4. Petitioners further state that no provision was made for the priority of said trust deed against the land, and that no apportionment was made by said decree, or otherwise, in this proceeding, so as to give said trust deed or these petitioners, or any of them, any priority in any particular over any of said mechanics' lien claimants, and that in this respect, said decree was in error.

"5. Further answering, these petitioners state that said trust deed was given to secure a so-called con-

struction loan; that most, if not all the proceeds of the sale of the bonds held by petitioners herein, went into the construction of said building, and were paid over to the complainants and intervening petitioners on account of their contracts; that by reason of such fact petitioners are entitled to share in the proceeds of any sale of said premises on a parity with said complainants and intervening petitioners, and that no such provision was made in said decree.

"6. Petitioners further state that neither they, nor any of them, have received any notice as by statute provided, subsequent to the entry of said decree, of the fact of such entry.

"7. Petitioners further show that E. W. Froehlich, as trustee, was the purchaser at the sale had in pursuance of said decree.

"8. Petitioners therefore pray that this petition may be set down for hearing and that the parties to this suit and said E. W. Froehlich as such trustee, may answer this petition if they so desire; that this petition, and the answers thereto, may be set down for hearing, and that upon such hearing, the said decree may be modified, changed varied, or vacated as the facts and circumstances may require, and as to equity may seem meet, etc.

"PHILIP DIENTHAL, ANNA BOESON JOHNSON, MAGDALENA MEYERS, Mary Kelley, Richard Kelley, Frank J. LeGere, George F. Benjamin, Adelia K. Boyer, Lillian' J. Clark, William Lynch, August Bretsch, Joseph Mazikoski, Ella Mazikoski, John McDonald, Sarah McDonald, Anna E. Moran, George H. Rendall, Joseph Arnsdorf, Thomas Knill, B. W. Cohn, A. V. Barney, Albert Deu, Mrs. James Moore, Louise Deu, John Schnell, Catherine Schnell, Thomas Heggen, Lulu Voelter, Mrs. George Paxton, George Paxton, Helen McGivern, R. J. White, R. Z. Tracy, Mida Mabel Kirby, and E. Jurgensen, Petitioners,

By Cummings & Wyman, Their Solicitors.

Austin L. Wyman, Of Counsel.''

No action was taken on this petition until January 4, 1934, when Cummings & Wyman withdrew as solicitors for the petitioners, defendants in the foreclosure suit, and Charles R. Smith was substituted as their solicitor. On April 13, 1934, these petitioners, defendants in the foreclosure proceeding, through their solicitor, Charles R. Smith, asked leave of the court to file an amended petition. No hearing was had on this motion until June 21, 1934, when on that date, an order was entered denying the prayer of the petitioners for leave to amend. This order is as follows:

''On motion of Charles R. Smith, solicitor for petitioners Philip Dienthal, et al., for leave to file an amended petition, said motion being opposed by counsel for the respondents, and it appearing to the court that said amended petition sets forth grounds of alleged defense and alleged errors in the decree not set forth or asserted in the original petition of said petitioners, and the said amended petition was not presented or offered to be filed within one year from the date of the entry of said decree, it is hereby

''ORDERED that the motion for leave to file said amended petition be and it is hereby denied.

Enter   Joseph Burke
Judge

Chicago, Apr. 23, 1934.''

It is to be noted that the record contains nothing to indicate in what particular it was proposed to amend this petition. After the entry of this order the petition was dismissed on motion of petitioners.

The petition filed by Cummings & Wyman on behalf of these petitioners was filed under section 19 of the Chancery Act, Cahill's St. 1933, ch. 22, ¶ 19, which is as follows:

''When any final decree shall be entered against any defendant who shall have been served by publication with notice of the commencement of the suit and who

shall not have been served with a copy of the bill, or received the notice required to be sent him by mail, or otherwise brought into court, and such person, his heirs, devisees, or personal representatives, as the case may require, shall, within ninety days after notice in writing given him of such decree, or within one year after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, the court shall, upon notice being given to the parties to said suit who appeared therein and the purchaser at a sale made pursuant to such decree, or their solicitors, set such petition down for hearing and may allow the parties and such purchaser to answer such petition. If upon the hearing upon said petition it shall appear that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise such petition shall be dismissed at petitioner's costs; provided, however, that if a sale shall have been had under and pursuant to such final decree, the court, in altering or amending such decree, may, upon terms just and equitable to such defendant, permit such sale to stand. If upon the hearing of such petition it shall appear that such defendant was entitled under the law to redeem from any sale had under such final decree, and that he wishes to redeem in equity from such sale, the court shall enter its decree permitting such redemption to be made at any time within ninety days thereafter, upon such terms as shall be equitable and just.''

In *Schuster v. Elsner,* 250 Ill. App. 192, in a proceeding brought to foreclose a real estate mortgage, service was had on certain defendants by publication. In a petition filed under section 19 of the Chancery Act, it was represented, among other things, by one of these defendants so served, that the affidavit of nonresidence filed in the cause contained false statements. This pe-

tition was filed after the period provided for in the statute. The court held that under the circumstances, the decree filed in the cause was conclusive of all questions involved, for the reason that the petition was filed too late, and said:

"We are of the opinion that Etna Wilkey was bound by the provisions of section 19 of the Chancery Act, Cahill's St. ch. 22, ¶ 19, heretofore set out in this opinion. The purpose of section 19 is to afford relief to defendants who, (1) shall not have been served with summons, (2) all those who have not been served with a copy of the bill, (3) or received a notice of the pendency of the suit as provided for in section 12 of the Chancery Act, Cahill's St. ch. 22, ¶ 12. In other words the provisions of section 19 are available only to those who have been constructively served by some means known to the law, and do not apply to anyone upon whom no service of any kind has been made. Where no service has been had upon a defendant he is not bound by a decree and need take no notice of it. Where, however, he has been served by some of the known methods, he is bound by it and must take notice of it. If the service so made was constructive only then he may avoid the binding force of the decree by appearing in open court and asking leave to defend as provided in section 19 aforesaid." See also *Arnoldsville Building & Loan Ass'n v. Dempsey,* 339 Ill. 304.

Whatever may have been the conduct of Cummings & Wyman in the premises, the fact remains, that within the period allowed under section 19 of the Chancery Act, by the petition filed on behalf of petitioners here, they set up sufficient facts to enable the petitioners in this bill for review to have had the decree opened up, and to present any defenses which they might have chosen to make, or any rights which they cared to urge. Even after they had secured other counsel, they remained inactive for a considerable period, and finally

upon motion made by their substituted counsel, the petition was dismissed. The question before us is whether or not these petitioners, after having abandoned the remedy provided by the statute, can now have the decree in the foreclosure proceeding reviewed, as they seek to do by the petition filed here.

Our first observation is that if the court, in denying their motion to amend the petition, was in error, its action could have been reviewed in a direct proceeding on appeal, or writ of error. (This whole proceeding took place before the new Practice Act became effective.)

In *Plank v. Plank,* 303 Ill. 254, it was sought to review a decree entered in an injunction proceeding by a bill for review upon the ground that the defendant was of unsound mind, and unable to transact business, and that fraud was practiced in obtaining the signature of this defendant to a certain stipulation, and on the court by certain witnesses who testified in the cause. The petitioner in the bill for review named Bert R. Plank, was the complainant in the original proceeding, and in affirming a decree of the circuit court of DeKalb county in dismissing the bill for review for want of equity, the Supreme Court said:

"Had Bert R. Plank desired a review of such decree it should have been had by a direct proceeding on appeal or writ of error."

In 21 Corpus Juris, page 753, we find the following:

"A bill of review will not lie for errors which have been waived, as by failure to raise the point at a time when the error might have been rectified, or by failure to take proper exceptions, or by failure to demur, or where the error has been released."

In *Regner v. Hoover,* 318 Ill. 169, the Supreme Court said with reference to the right to have a decree reviewed on a bill filed for that purpose:

"It is evident that the proof does not sustain the charge that the appellant was prevented from present-

ing her case by reason of representations on the part of the appellee. The clear weight of the testimony is that she knew that the suit was pending. In order to grant relief under a bill of this character on account of fraud, it must show that the complainant was prevented from interposing a defense by fraud and without negligence or fault upon her part. (*Crane Co. v. Parker,* 304 Ill. 331; *Kretschmar v. Ruprecht,* 230 id. 492; *Telford v. Brinkerhoff,* 163 id. 439.)"

We are of the opinion that the court was not in error in sustaining the motion to dismiss the bill for review herein. The judgment is, therefore, affirmed.

*Affirmed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.