Edwin L. Bennett et al., Appellants, v. William C. Thompson, Individually and as Executor of Estate of Nettie Thompson, Deceased, Appellee.

Gen. No. 44,084.

542

Opinion filed November 16, 1948.
Released for publication December 2, 1948.

ROBERT J. RAFFERTY, of Chicago, for appellants.

FULTON, FULTON & SHEEN, of Chicago, for appellee.

MR. JUSTCE FRIEND delivered the opinion of the court.
On May 26, 1941, Nettie Thompson executed her last will and testament in accordance with the provisions of the Illinois statute. She died April 20, 1945, leaving, surviving three nephews and a niece, and

William C. Thompson, her stepson, who had resided with her from childhood until his marriage at the age of twenty-two, and to whom she had devised and bequeathed all of her property, to the exclusion of her nephews and niece, the plaintiffs. On December 6, 1945, the latter filed their complaint to contest the will on the twofold ground of undue influence and lack of testamentary capacity. At the close of plaintiffs' case the court, pursuant to defendant's motion, withdrew the issue as to undue influence, no evidence having been introduced on that phase of the case. Thereafter, defendant, individually and as executor of the estate, interposed a further motion to direct a verdict in his favor, which was allowed, and a decree entered finding that the instrument purporting to be the last will and testament of Nettie Thompson, was her last will and testament, and dismissing plaintiffs' complaint. This appeal followed.

As ground for reversal it is urged that the chancellor erred in directing the verdict for defendant at the close of plaintiffs' case and in entering a decree dismissing their complaint. More specifically, it is urged that the court committed prejudicial error in refusing to admit plaintiffs' exhibit 2 for identification. This exhibit consisted of the verified answer of Nettie Thompson filed in the municipal court of Chicago in 1943, in the suit of Joseph B. Ford against her, based upon a written contract for the sale of the decedent's home at 40 North Mason avenue in Chicago. The agreement provided that Ford, a real estate broker, should have exclusive agency in the matter of the sale of the property and receive the usual broker's commission if he procured a buyer therefor. Ford alleged that he had procured a purchaser, but that decedent had refused to sell, and the suit followed for the commission claimed to be due. The contract was signed October 31, 1941. By way of defense Nettie Thompson had filed her verified answer in the municipal court pro-

ceeding, admitting the execution of the contract but averring that at the time of the execution thereof "defendent was old and infirm and incapable of conducting her business affairs." Although the verified answer was filed in 1943, more than two years after the contract was made, it referred to her physical and mental condition at the time of the execution of the agreement in October 1941, which was only five months after she had made her will. At the outset of the trial plaintiffs' counsel called William C. Thompson, the decedent's stepson and sole beneficiary under the will being contested, as an adverse witness under section 60 of the Illinois Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060], and asked him whether there was any change in the mental condition of Nettie Thompson at any time during the year 1941, to which he replied "No," and added that her mental condition remained good throughout the year and was normal until her death. He also stated that in his opinion she was capable of handling her business affairs. It is argued that Nettie Thompson's verified answer, interposed as a defense to Ford's suit on the contract, constituted a voluntary declaration as to her mental condition at about the time of the execution of her will, which was the material issue on trial, and should therefore have been admitted in evidence, and that William Thompson's testimony to the effect that there was no change in her mental condition at any time during the year 1941, made the lapse of five months between the making of the will and the execution of the contract immaterial.

The established rule of law applicable presents no serious difficulty. In *Healea v. Keenan*, 244 Ill. 484, the court held that "Declarations, statements and conversations of the testator upon any subject were competent for the purpose of showing mental capacity . . . ," and later, in *Prinz v. Schmidt*, 334 Ill. 576, the court quoted the generally accepted principle of law

that although declarations of the testatrix are not admissible to show that the will was executed under duress or undue influence or to prove fraud, "such declarations may be admitted where they tend to show her mental condition at the time of the execution of the will, or so near the time that the same state of affairs must have existed." Defendant seeks to justify the exclusion of plaintiffs' exhibit 2, the testatrix' verified answer containing the voluntary declaration of her physical and mental infirmity, by arguing that it "was a mere conclusion of the pleader and referred to a time five months after the Last Will herein was made," and that "such a statement even if true would not denote lack of testamentary capacity at the time of the execution of said Last Will." To state under oath in a pleading that one is old, infirm and incapable of handling one's business affairs is a voluntary declaration that cannot be summarily dismissed by asserting that it is a mere conclusion of the pleader. If the statement relied on was made at the time of the execution of the will "or so near the time that the same state of affairs must have existed," the declaration is competent. *Prinz v. Schmidt, supra.*

It is the settled rule in this State that "a will contest is strictly a statutory and not an ordinary chancery proceeding. The cause is tried upon the issue whether the writing produced is the will of the testator. The verdict of a jury in a will contest has the same force and effect as the verdict of a jury in an action at law, . . . and motions for a directed verdict or a judgment notwithstanding the verdict are governed by the same rules which govern such motions in an action at law. The only question in such a case is whether there is any evidence in the record tending to prove the allegations of the complaint. The party resisting such motions is entitled to the benefit of all the evidence favorable to him. . . . Neither the trial court, nor this court on review, is

permitted to weigh the evidence to determine where the preponderance lies. In other words, if the plaintiff's evidence makes out a *prima facie* case, sufficient in itself to go to the jury, the motion must be denied. . . . Evidence favorable to plaintiff's case is all that can be considered on such an inquiry." (*Tidholm v. Tidholm,* 391 Ill. 19.)

Since Nettie Thompson's voluntary declaration contained in a verified pleading, touched upon her competency to make a will, it is difficult to perceive why it should not be considered as a declaration for the purpose of showing her mental capacity, to be admitted in evidence and passed upon by the jury in determining the sole issue on trial. If it had been admitted, as we think it should have been, the court would have been obliged to treat it as evidence favorable to plaintiffs' case, and would obviously not have been justified in directing a verdict. It would then have been incumbent upon defendant to introduce further evidence upon the issue joined, and allow the jury to decide whether or not Nettie Thompson had the requisite mental capacity to make a will.

In addition to the offer of plaintiffs' exhibit 2, their counsel called two of the plaintiffs and four disinterested witnesses who gave opinions as to the testator's mental capacity, and testified to facts, some of which at least would have warranted the consideration of the jury as to whether or not Nettie Thompson was mentally competent. Inasmuch as the cause will in all likelihood be retried, we deem it unnecessary to enter into an extended discussion as to whether or not the facts testified to by these witnesses would have entitled them to express an opinion as to the testator's mental capacity. We think that justice will be better served if, upon another trial, exhibit 2 is admitted in evidence and the entire cause tried upon its merits so that the jury may ultimately pass upon the only issue in controversy.

For the reasons indicated, the decree of the circuit court is reversed and the cause remanded for a new trial.

*Decree reversed and cause remanded for a new trial.*

SULLIVAN, P. J., and SCANLAN, J., concur.