Aleta Ellis et al., Plaintiffs, v. Union National Bank of Macomb, as Executor of Last Will and Testament of Ella Mae Smith, Deceased et al., Defendants. Floe Hill, Appellant, v. Aleta Ellis et al., Appellees.

**Gen. No. 9,790.**

Opinion filed November 6, 1951. Rehearing denied December 20, 1951.
Released for publication December 20, 1951.

HARRIS & HARRIS, of Macomb, for appellants.

GUMBART, GRIGSBY & GUMBART, all of Macomb, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

Defendant-appellant, Floe Hill, filed a petition to set aside a decree in a will contest and for leave to plead thereto, which petition was on motion stricken, from which order this appeal is taken.

From the pleadings it appears that Ella Mae Smith died September 21, 1948, after having executed a will on January 18, 1947. Thereafter the will was duly admitted to probate on December 10, 1948, and on December 10, 1948, Letters Testamentary issued to defendant-appellee, The Union National Bank of Macomb; on September 7, 1949, certain heirs-at-law other than defendant-appellant, Floe Hill, filed a complaint to contest such will, in which proceeding Floe Hill was made a party-defendant and constructive service was obtained upon her by publication; the affidavit of non-residence stated that her place of residence or last known address was unknown; the clerk's certificate of mailing copy of publication notice as to Floe Hill stated:

"Address unknown, did not send"; on June 20, 1950, a decree was entered defaulting said Floe Hill for want of appearance and upholding the validity of such will. On September 26, 1950, defendant Floe Hill filed a petition to set aside such decree and for leave to plead, which petition was subsequently amended on October 13, 1950, and again on November 7, 1950, which petition

101

as amended substantially charged that she was a resident of Denver, Colorado; that she was not served with a copy of the complaint; that she did not receive a copy of the publication notice; that she was not served with process of summons; that she never received a notice in writing of the entry of said decree and that her first knowledge of such proceeding was obtained when she came to Illinois in August 1950. Such petition as amended was filed pursuant to the provisions of chapter 110, paragraph 174 (8), Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 104.050], as follows:

"When any final decree in chancery shall be entered against any defendant who shall have been served by publication with notice of the commencement of the suit and who shall not have been served with a copy of the complaint, or received the notice required to be sent him by mail, or otherwise brought into court, and such person, his heirs, devisees, or personal representatives, as the case may require, shall, within ninety days after notice in writing given him of such decree, or within one year after such decree, if no such notice shall have been given as aforesaid appears in open court and petition to be heard touching the matter of such decree, the court shall upon notice being given to the parties to said suit who appeared therein and the purchaser at a sale made pursuant to such decree, or their solicitors, set such petition down for hearing and may allow the parties and such purchaser to answer such petition. If upon the hearing upon said petition it shall appear that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise such petition shall be dismissed at petitioner's costs."

On November 9, 1950, defendant, The Union National Bank of Macomb, as executor, filed a motion to

strike such petition as amended on the grounds that there was no warrant or authority of law for the filing of such petition or for the relief as prayed for, which motion was allowed on December 5, 1950.

■ Such executor first argues that a suit to contest a will is not an action in chancery by reason of which the quoted statute has no application. It is well settled that such a proceeding is a chancery action and as stated in *Anderson v. Anderson,* 293 Ill. 565: ''That because the jurisdiction of a court of equity to entertain a bill to contest a will is derived from the statute, a will contest is not made any the less a case in equity.'' (See also *Stephens v. Collison,* 249 Ill. 225; *Waterman v. Hall,* 298 Ill. 75.) The cases relied upon by the executor, such as *Dickman v. Frieling,* 395 Ill. 383 and *Bennett v. Thompson,* 335 Ill. App. 541, do not hold to the contrary but state that a will contest is statutory and not an ordinary chancery proceeding. By reason of this, petitioner, Floe Hill, was properly entitled to file her petition as amended under such statute.

■ The executor further urges that inasmuch as the decree heretofore referred to defaulting Floe Hill and upholding the validity of the will concluded with this statement: ''And now comes the plaintiffs by their attorney, Keith F. Scott, and move that the complaint herein be dismissed as to all defendants, which motion is allowed, and it is ordered that, as to all the defendants named in the original complaint, said complaint be and the same is hereby dismissed accordingly,'' there is no pending case; it is noted, however, that such decree was never vacated and still appears as a matter of record. It is further noted that chapter 110, paragraph 176, Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 104.052], provides as follows:

''The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action

or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit.''

In the instant case it is obvious that a hearing was had but in any event no notice was given to the defendant, Floe Hill, as to any motion to dismiss. Such hearing having been had, dismissal of the case could only have been effected by a stipulation or by motion supported by affidavit, neither of these provisions having been complied with in this case.

The executor's further arguments relate to what might occur subsequently should the prayer of such petition as amended be granted. With this the court is not concerned as the immediate question relates to whether or not petitioner was entitled to a hearing on her amended petition on the merits.

In the opinion of this court the trial court erred in allowing the motion to strike such petition as amended and the judgment is reversed and remanded with directions to the trial court to proceed with a hearing on the merits of such petition as amended.

*Reversed and remanded with directions.*