**Newt Parkinson, Plaintiff-Appellee, v. A. W. Collier, et al., Defendants-Appellants.**

**Term No. 57–O–17.**

Fourth District.
February 7, 1958.
Released for publication February 28, 1958.

John C. Mitchell, of Golconda and William E. Aulgur, of East Alton, for defendants-appellants.

R. W. Harris, and David A. Warford, both of Marion, for plaintiff-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This appeal involves a petition filed pursuant to Section 50 (8) of the Civil Practice Act, to set aside a decree previously entered. It alleges under oath that the only notice of suit given petitioners was by publication, and that they "were never served with process herein, nor in any way given notice of the pendency of this suit, nor had any knowledge thereof," etc. The truth of these allegations is not challenged.

The original suit was a complaint to quiet title to certain real estate in plaintiff, against "Unknown Owners," which description included the heirs, legatees or devisees of one Riley Giffin. A decree quieting title in plaintiff was entered, and the aforesaid petition was filed within one year thereafter, with notice to the original plaintiff.

The petition was filed by heirs of Riley Giffin. It denied the essential allegations of the complaint as to plaintiff's ownership, possession, and payment of taxes, and also contained other lengthy statements of purported defenses. Plaintiff made no attempt to answer any part of the petition, but instead, filed a motion to dismiss. The amended motion to dismiss attacks parts of the petition as containing mere legal conclusions. As to the petition's denial that taxes were paid for seven successive years by any person having color of title, the motion says: "That in his verified complaint plaintiff averred that upon execution and delivery of tax deed he took possession of the premises and paid all taxes, and by its decree the court so found." It was added that the facts averred in the petition are legally insufficient. No mention was made of laches.

No evidence was adduced at the hearing on the motion. After hearing arguments on the motion, the court held that the decree ought to have been entered, and that the petition showed laches on its face. The motion to dismiss was allowed and the petition denied. The propriety of this procedure is the question before us.

The briefs stray from the principal question. There is argument that the petitioners come within the provisions of the cited statute. Since this was not denied, no argument thereon is necessary. There are further arguments as to the legal effect of assumed facts which are in issue, but unsupported by evidence either way, resting only on the allegations of the respective plead-

ers. We do not pass upon these issues, but confine this opinion to the question of procedure.

Prior to 1931, the right of a defendant served only by publication, to have his day in court, was set out in Section 19 of the Chancery Act. It gave such defendant in a chancery suit a limited time after decree to appear and answer. In Sullivan v. Sullivan, 275 Ill. App. 597, 607–609, the court held the statutory provision was not addressed to the sound discretion of the court, but created an absolute right in a defaulted defendant served only by publication, to appear in the time fixed and have a hearing on his defenses. Until that was done, or the time had expired, the decree as to that defendant was "provisional, interlocutory and conditional, and not final and conclusive." The equivalent result was reached in First Congregational Church v. Page, 257 Ill. 472, 476; Arnoldsville Building & Loan Ass'n v. Dempsey, 339 Ill. 304; Ewing v. Plummer, 308 Ill. 585, and in Prassas v. Jana, 4 Ill.App.2d 385. The latter case was under the amended section hereafter mentioned.

In 1931 Section 19 of the Chancery Act was amended to provide for the present practice of filing a petition, instead of an answer, with provisions for answering the petition, not only by the original plaintiff, but also by a purchaser from him. There were other additions to the procedure, not pertinent in this case. This section was repealed in 1933, but the same provision was included in the Practice Act effective Jan. 1, 1934. It has remained in force in the ensuing years and is retained in the Civil Practice Act effective Jan. 1, 1956, without change, except to make it available in law cases, as well as chancery.

This revised procedure has not had much appearance in the reported decisions. Certainly, there is no authority for the view that it was intended to make the evidence on the original hearing, and the decree based

237

upon it, binding upon the defaulted defendant served only by publication.

In Ellis v. Union Nat. Bank, 345 Ill. App. 100, the revised procedure was before the court, and it was held error to dismiss the petition on motion. The court there adopted the extreme view that the statute applied even where the original complaint had been dismissed on plaintiff's motion. That question is not before us, and we are not hereby adopting that part of the opinion. But this court is of the opinion that, by the change in procedure, the right to be heard has not been taken from the defaulted defendant against whom relief was granted. Indeed, to hold otherwise would nullify this section of the statute, since it would avail nothing to file a petition if the prior decree is conclusive as to the issues therein decided.

█ It follows that the petitioners' denial, among others, that plaintiff had possession and paid taxes is not refuted by a mere recital in a motion that the point had been previously heard and decided. Accordingly, it is our opinion that the court was required to afford a hearing of evidence on the issues of fact presented, and it was error to dismiss the petition upon the motion.

█ It may be that the claims of petitioners are barred by laches, even though mere lapse of time is not necessarily laches. But, the statute is specific as to the method of presenting the question: Section 43 (4) of the Civil Practice Act provides that: "The facts constituting any affirmative defense, such as . . . laches . . . must be plainly set forth in the answer or reply." The mere assertion in a motion that the allegations in a pleading are "legally insufficient" is not a compliance with this section. The question of laches was not an issue before the court. Messick v. Mohr, 292 Ill. App. 69.

238

■ This is not intended as a flat rule that the question of laches can never be raised by motion. There have been statements that the defense can only be raised by plea or answer, such as in Bowman v. Pettersen, 410 Ill. 519. That case actually held the question could not be raised for the first time on appeal. There had been no attempt of any kind to raise the point in the trial court. In Coryell v. Klehm, 157 Ill. 462, the court stated as a general rule that a plea or answer was necessary to raise the point, but held that if a pleading attempts to present excuses for delay, the sufficiency thereof may be questioned by demurrer. Currently, the rule seems to be that the defense of laches may be raised by motion under section 45 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 45], provided the motion *specifically raises the question of laches*. Holland v. Richards, 4 Ill.2d 570. (In that case, however, the allowance of the motion was reversed.)

The foregoing dicta is inserted solely because the petitioners have asked this court to rule that laches can be asserted only by plea or answer. The point is not actually before this court, since our holding is that the point was not raised at all, by motion or otherwise.

Nothing herein contained is to be taken as passing upon the question of what possession the original plaintiff had; or if he had any possession, whether it was sufficient to claim title by adverse possession; or whether taxes were paid; or any other question of fact raised by the pleadings. Nor do we decide other questions of law, such as the sufficiency of a defense of laches based on lapse of time only; or whether laches, if found, bars claims against a party asserting title by adverse possession, regardless of the extent of such possession.

Our decision is merely that the question of laches has not been raised; and that a defaulted defendant,

served only by publication, has the same right to appear and contest the complaint that formerly existed under Section 19 of the Chancery Act, by filing a petition in time. If the petition tenders new issues of fact, which might properly have been raised by answer in the first place, the court is authorized by the statute to permit answer thereto. As to these, and as to essential averments of the complaint which are traversed, a defendant who meets the requirements of the said Section 50 (8) is entitled to present evidence combatting the plaintiff's claims. Vancuren v. Vancuren, 348 Ill. App. 351, 356.

Since the record herein indicates that the petitioners were not accorded this right, the decree is reversed and the cause is remanded to permit a hearing thereon in accordance with the provisions of the Civil Practice Act.

Reversed and remanded.

CULBERTSON, P. J. and BARDENS, J., concur.